**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **SANDEE HAWKINS AND RANDY HAWKINS** | **CIVIL DOCKET NO. 2:25-cv-01136** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WAL-MART LOUISIANA, LLC** | **MAGISTRATE JUDGE DAVID J. AYO** |

# MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by the Defendant, Wal-Mart Louisiana, LLC (hereinafter, "Defendant"). [Doc. 22]. An Opposition was filed by Plaintiffs, Sandee Hawkins and Randy Hawkins (hereinafter, "Plaintiffs"). [Doc. 24]. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

This case arises from a slip and fall that occurred at Wal-Mart in Calcasieu Parish. Mrs. Hawkins claims that while shopping at Wal-Mart, she "slipped on berries," which she alleges had been spilled on the floor of the checkout aisle. [Doc. 24, p. 4]. Video footage establishes that between 12:57 p.m. and 12:58 p.m., the child of another customer dropped berries onto the floor of the checkout aisle. [Doc. 24, p. 4]. At approximately 1:06 p.m., Mrs. Hawkins allegedly slipped on the berries in the checkout aisle and fell. [Doc. 24, p. 4]. Mrs. Hawkins alleges she sustained emotional, mental, and physical injuries due to the fall. [Doc. 1-2, p. 7]. She further alleges that she has sustained lost wages, a loss of future earning capacity, and a loss of enjoyment of life. [Doc. 1-2, p. 7]. Mr. Hawkins asserts a claim for loss of consortium arising from the injuries sustained by his wife. [Doc. 1-2, p. 7].

On June 25, 2025, Plaintiffs filed suit against Defendant in the 14th Judicial District Court for Calcasieu Parish, asserting a claim under the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, ("LMLA"). [Doc. 1-2].[1] On August 7, 2025, Defendant removed the case to this Court pursuant to the Court's diversity and supplemental jurisdiction. 28 U.S.C. § 1332 and § 1337. [Doc. 1, p. 2].

In the instant Motion, Defendant seeks summary dismissal of Plaintiffs' LMLA claim, asserting that Plaintiffs have failed to make the requisite factual showing that Defendant had actual or constructive notice of a dangerous condition. [Doc. 22-1, p. 1]. In response, Plaintiffs argue that the Motion should be denied because there is a genuine dispute of material fact as to whether Defendant had actual or constructive notice of the condition. [Doc. 24, pp. 7-15.]. All issues having been fully briefed by the parties, the Motion is ripe for review.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the movant can show that "there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016), *quoting Anderson v. Liberty*

---

[1] In the Complaint, the Plaintiffs allege the "negligence" of Defendant Wal-Mart, without specifying any statutory, codal, or jurisprudential basis for their claims. [Doc. 1-2, p. 7]. Both parties agree this claim is governed by the LMLA. [Doc. 22-1, p. 6 and Doc. 24, p. 7].

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law. *Anderson,* 477 U.S. 242.

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim. *Hongo v. Goodwin*, 781 F. App'x 357, 359 (5th Cir. 2019), *citing Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors*, L.L.C., 853 F.3d 784, 788 (5th Cir. 2017), *quoting Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The motion for summary judgment should be granted if the non-moving party cannot produce sufficient competent evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## II. Louisiana Merchant's Liability Act

In diversity cases such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). A standard negligence claim under Louisiana law consists of five elements: (1) a duty of care, (2) a breach of that duty, (3) cause-in-fact, (4) legal cause, and (5) damages. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 216 (5th Cir. 2024) (citing *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So. 2d 627, 633). For slip and fall cases such as this one, however, the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, provides additional elements that a Plaintiff must prove. Specifically, the LMLA provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6. Thus, in this case, the statute requires Plaintiffs to prove: (i) the area where the berries were allegedly dropped represented an unreasonable risk of harm that was reasonably foreseeable; (ii) Defendant either created or had actual or constructive notice of the alleged dangerous condition; and (iii) Defendant failed to exercise reasonable care. Importantly, the burden of proof in LMLA claims never shifts to a defendant, and if a plaintiff fails to prove any one of those three LMLA elements, the merchant is not liable. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997).

Wal-Mart's Motion posits that Plaintiffs cannot meet the factual showing required by the LMLA, specifically, that Plaintiffs have no evidence that Wal-Mart "created, had actual notice, or constructive notice of the alleged hazard" which caused Mrs. Hawkins to fall. [Doc. 22-1, p. 14]. For the following reasons, the Court disagrees.

**A. Creation of the Hazard**

Under La. R.S. 9:2800.6(B), a plaintiff must demonstrate that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Plaintiffs do not contend and have not submitted evidence showing that the Defendant created the condition. Rather, it is undisputed that the alleged hazardous condition was created by the child of another customer. Thus, there is no genuine dispute of material fact regarding whether Wal-Mart created the allegedly hazardous condition on the floor.

**B. Actual Notice**

Plaintiffs have presented no summary judgment evidence that Defendant had actual notice of the existence of the allegedly hazardous condition that caused Mrs. Hawkins to fall. Mrs. Hawkins stated that she did not know how the berries were spilled on the floor or how long they had been there. [Doc. 22-1, pp. 8-9]. Thus, there is no genuine dispute of material fact regarding whether Defendant had actual notice of the existence of the allegedly hazardous condition on the floor.

**C. Constructive Notice**

A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). The LMLA's exacting notice requirement "places a heavy burden of proof on plaintiffs." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)); *see also White*, 699 So. 2d at 1086 ("[D]efendant [merchant] need not come forward with positive evidence of the absence of the spill ... Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence cannot support the claimant's cause of action."). Louisiana courts have deemed this the "temporal element." *Fountain v. Wal-Mart Stores, Inc.,* 19-699, p. 7 (La. App. 3 Cir. 3/18/20), 297 So. 3d 100, 106. Specifically, in *White v. Wal-Mart*, the Louisiana Supreme Court explained that,

> [t]hough there is no bright line time period, a claimant must show that the condition existed for such a period of time ... Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows

> that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

699 So. 2d 1081, 1084–85 (La. 9/9/97) (internal citations omitted).

Moreover, the jurisprudence demonstrates that the temporal element of constructive notice depends on the evidence establishing when the hazardous condition arose and how long it existed, rather than a categorical minimum amount of time. *Rodriguez v. Wal-Mart Louisiana, LLC,* No. CV 17-9350, 2018 WL 3303419 (E.D. La. July 3, 2018). Importantly, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." *White*, 699 So. 2d at 1084. "[A] simple showing that the condition existed is insufficient for a finding of liability and recovery." *Zeringue v. Wal-Mart Stores, Inc.*, 62 So. 3d 276, 279 (5th Cir. 2011). "'Mere speculation or suggestion' is not sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007), *quoting Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2d Cir. 2003). And "[c]ourts will not infer constructive notice ... where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id.*, *quoting Allen*, 850 So. 2d at 899.

In its Motion, Defendant argues that the eight-minute period between when the berries were allegedly dropped and when Mrs. Hawkins fell is legally insufficient to establish constructive notice, relying on *Nash v. Rouse's Enters., LLC,* 2015-1101, 191 So. 3d 599 (La. App. 1st Cir. 2/26/16), *Adams on Behalf of D.K. v. Wal-Mart Stores, Inc. Store #542,* 2018-1706, 286 So. 3d 452 (La. App. 1st Cir. 9/27/19), and *Robinson*

*v. Wal-Mart Stores, Inc.,* No. CV 15-1783, 2016 WL 5210711 (W.D. La. Sept. 15, 2016). But *Nash, Adams,* and *Robinson* are distinguishable because none involved evidence affirmatively establishing when the hazardous condition arose and when the plaintiff encountered it. In *Nash*, there was no surveillance footage, and the plaintiff presented no positive evidence establishing when the spilled rice reached the floor or how long it remained there; the Louisiana First Circuit therefore affirmed summary judgment. *Nash*, 191 So. 3d at 602. In *Adams*, although surveillance footage existed, it did not depict the aisle where the plaintiff fell and therefore did not establish when the liquid was deposited; the footage merely established a thirteen-minute window during which the liquid could have been deposited. *Adams*, 286 So. 3d at 456–57. And, as this Court explained in *Zackery v. Walmart Inc., N*o. 6:22-CV-05782, 2024 WL 313634 (W.D. La. Jan. 25, 2024), *Robinson* likewise did not contain evidence establishing a specific timeframe during which the hazardous condition existed. *Zackery*, 2024 WL 313634 at 3. Thus, none of these cases involved the type of affirmative evidence present here — surveillance footage establishing both the creation of the hazardous condition and the precise period between its creation and Plaintiff's fall.

The Court finds the rationale of *Zackery*, *McCarty v. Wal-Mart Louisiana, LLC*, No. 3:20-CV-00843, 2021 WL 67209 (W.D. La. Jan. 7, 2021), and *Boutian v. Walmart, Inc.,* No. CV 20-2881, 2021 WL 4243311 (E.D. La. Sept. 17, 2021), more persuasive. In those cases, the surveillance footage affirmatively establishes both the creation of the hazardous condition and the period of time that elapsed before Plaintiff encountered it. In *McCarty*, the court found that surveillance footage establishing a

three-minute window between when a child spilled an ICEE and when the Plaintiff fell created a genuine issue of material fact as to whether Wal-Mart had constructive notice of the spill and denied summary judgment. *McCarty,* 2021 WL 67209 at 3. Similarly, in *Boutian,* the Plaintiff introduced Wal-Mart surveillance footage showing a child in a shopping cart dangling grapes over the side of the cart, and then thirteen minutes later, the Plaintiff falling in the general area where the child had been dangling the grapes. *Boutian,* 2021 WL 4243311 at 3. In denying the defendant's motion for summary judgment, the court found that the surveillance footage provided evidence of the origin of the hazardous condition — the child dangling the grapes — as well as the passage of time between the creation of the condition and the Plaintiff's fall, as established by the video's time stamps. *Id.* at 5. The *Boutian* court held that a factual dispute existed as to whether the time between the creation of the hazardous condition and the plaintiff's fall was sufficient to establish constructive notice, making the issue one for the jury. *Id.*

The reasoning of *Zackery*, *McCarty* and *Boutian* apply here. The surveillance footage provides positive evidence concerning the duration of the hazardous condition. Specifically, the footage shows the child dropping berries on the floor and eight minutes later Mrs. Hawkins slipping on the berries. Unlike *Adams*, the footage here does not merely establish an unidentified period during which the hazardous condition may have arisen; rather it affirmatively establishes when the hazardous condition was created and when the Plaintiff encountered it. And, as in *Zackery, McCarty*, and *Boutian,* the footage here provides positive evidence from which the fact finder can determine whether the "condition existed for such a period of time that

it would have been discovered if the merchant had exercised reasonable care" and is therefore sufficient to establish constructive notice. Accordingly, whether the time elapsed here was sufficient to satisfy the temporal element of constructive notice presents a factual question that should be resolved by the jury.

## CONCLUSION

For the foregoing reasons, the Court finds that there is a genuine dispute of material fact that precludes entry of summary judgment. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 22] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 24th day of September 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE